IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DANE C. BUTZER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | 1:25-cv-05736-JPB |
| | ) | |
| HYPERSPHERE TECHNOLOGIES, | ) | |
| INC., JAMES DECESARE AND | ) | |
| TODD MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS

### I.    Factual Background

Plaintiff Dane C. Butzer is an attorney licensed in California (Bar No. 192371).  Defendant HyperSphere Technologies, Inc. f/k/a Hyperspace Security, Inc. ("HyperSphere") is a Delaware corporation with its principal place of business in Georgia.  (Doc. 1-3, pp. 22-23).  Defendant James DeCesare is a Georgia resident, and Defendant Todd Miller is a California resident.  (Doc. 1, ¶¶4, 5).

**A.    The Patent and the Assignment.**  On April 25, 2017, the United States Patent and Trademark Office ("USPTO") issued US Patent 9,634,836 for "Key Shadowing" to Butzer (the "Patent").  On November 8, 2017, Butzer, as the inventor and owner, filed an assignment with the USPTO to assign his rights to the

invention to HyperSphere (the "Assignment") (See Doc. 1-4; see also Declaration of Todd R. Miller, Esq. ("Miller Decl.") (Doc. 8-1), ¶¶9-12).

The Assignment states HyperSphere "is desirous of memorializing Assignee's interest in the invention." (Doc. 1-4). The Assignment assigns to HyperSphere "the full and exclusive right, title and interest to the invention . . . ." (Doc. 1-4). The Assignment "includes the assignment of the right to recover for past infringements of, or liabilities for, any of the rights related to the application(s), patent(s), or other form(s) of intellectual property regarding the invention." *Id*. Copyright is a form of intellectual property.

The Assignment further states "Assignor convents [sic] and agrees to cooperate with Assignee in any litigation regarding the invention, applications(s), patent(s), or other form(s) of intellectual property regarding the invention, including testifying for the benefit of Assignee without further or other compensation than that provided in this Assignment." (Doc. 1-4). Butzer also covenanted in the Assignment that "no assignment, sale, agreement or encumbrance has been or will be entered into which would conflict with this Assignment. (Doc. 1-4).

**B.    The Copyright Registration.**  Despite this clear and unmistakable assignment language—drafted by Butzer—Butzer filed an application for and received Copyright Registration TXu 2-349-503 for the "Software Code for

2

Implementation of US Patent 9,634,836," with an effective date of December 22, 2022 (the "Copyright"). (Doc. 1-2). The Copyright title itself evidences it is with regard to the invention assigned to HyperSphere—indeed, the "[i]mplentation" of the invention.

Butzer did not inform HyperSphere of his intent to register the Copyright.

HyperSphere first learned of the Copyright and Butzer's copyright claim upon receipt of a letter dated March 21, 2025, alleging copyright infringement, from the same law firm that filed this action, years after Butzer filed for the Copyright. (Miller Decl./Doc. 8-1, ¶¶27, 28). On April 1, 2025, HyperSphere responded to the March 21 letter to remind Butzer and notify his counsel of the existence of the Assignment and demand that Butzer immediately assign the Copyright to HyperSphere. (Miller Decl. /Doc. 8-1, ¶¶29, 31). Butzer did not execute and return the copyright assignment, or respond in any other way, at least not until the filing of this action. (Miller Decl. /Doc. 8-1, ¶¶31).

C.    **The Complaint.** On June 18, 2025, Butzer filed his Complaint in a venue in which he resides, but with which none of the Defendants reside or have any minimum contacts. The asserted grounds for filing the Complaint are the naked allegations that Miller and DeCesare personally claim ownership of the Copyright and that HyperSphere raised funds in 2023. (Doc. 1, ¶¶16, 17; Doc. 1-5). The Complaint further asserts that the Assignment was limited to the exclusive

rights to use the technology incorporated in the Patent; and that "no instrument or authorized document exists" assigning the Copyright to HyperSphere. (Doc. 1, ¶¶14, 15).

Pursuant to the requirements of Fed. R. Civ. P. 11(c)(2), Defendants served a copy of this Motion on Plaintiff's counsel on September 8, 2025, at least 21 days prior to it being filed with the Court.

## II.    Argument and Citation to Authority

**A.    Rule 11 Standard.** "Under Rule 11, an attorney presenting a pleading, motion, or other paper to the Court certifies that the factual contentions have evidentiary support." "Rule 11(b)(3) . . . mandates that attorneys engage in a reasonable prefiling inquiry to ensure that a pleading or motion is well grounded in fact. A court may sanction attorneys under Rule 11(b)(3) for factual assertions they know—or after reasonable investigation should have known—are false or wholly unsupported." *Doe v. Bethel Loc. Sch. Dist. Bd. of Educ.*, 2024 WL 864148, at *2 (S.D. Ohio Feb. 29, 2024); *King v. Whitmer*, 71 F.4th 511, 521 (6th Cir. 2023).

**B.    The Frivolous Claims.** In light of the Assignment's clear and unmistakable language, no objectively reasonable litigant or attorney would believe a claim of copyright infringement or a claim of unfair competition based on copyright infringement would succeed.

To reiterate the Assignment's terms and their relationship to the meritless claims here:

- The Assignment states HyperSphere "is desirous of memorializing Assignee's interest in the invention."

- Butzer assigned to HyperSphere "the full and exclusive right, title and interest to the invention."

- The Assignment "includes the assignment of the right to recover for past infringements of, or liabilities for, any of the rights related to the application(s), patent(s), or other forms of intellectual property regarding the invention."

- Copyright is a form of intellectual property. The title of the pertinent Copyright is "Software Code for Implementation of US Patent 9,634,836."

- In the Assignment, Butzer "covenants and agrees to cooperate with Assignee [HyperSphere] and execute all instruments or documents requested for the making and prosecution of any applications of any type for patents or other forms of intellectual property regarding the invention . . . ."

- The Assignment states Butzer "covents [sic] and agrees to cooperate with Assignee [HyperSphere] in any litigation regarding the invention . . . ."

- The Assignment states Butzer "covenants that no assignment, sale, agreement, or encumbrance has been or will be entered into which would conflict with this Assignment."

(Doc. 1-4).

Despite this clear and unmistakable assignment language including "other forms of intellectual property" — drafted by attorney Butzer — Butzer filed for the Copyright some five years after he contractually assigned away his rights.

HyperSphere first learned of the Copyright—years after Butzer surreptitiously submitted his registration application—from his counsel's cease and desist letter. (Miller Decl./Doc. 8-1, ¶¶27, 28). HyperSphere put counsel for Butzer on notice of the Assignment and demanded that Butzer comply with the Assignment and execute and return a copyright assignment for filing with the Copyright Office. (Miller Decl. /Doc. 8-1, ¶¶29, 30). Notwithstanding the clear and unmistakable assignment language and the clear demand, Butzer did not execute and return the requisite copyright assignment. (Miller Decl./Doc. 8-1, ¶31). Instead, the Complaint incredulously states that no document exists providing for any license or assignment of the Copyright. (Doc. 1, ¶15).

Furthermore, the Complaint misrepresents that the Assignment was "limited to the exclusive rights to maintain and use the technology incorporated in the '836 Patent." Even as misrepresented in the Complaint, Paragraph 14 is an admission that Butzer assigned the rights to use the technology in the Patent. Indeed, the title of the Copyright itself ("Software Code for Implementation of US Patent 9,634,836") evidences that this "other form(s) of intellectual property" is for the implementation/use of the technology incorporated in the Patent.

Even more problematic for Butzer is his covenant and agreement to cooperate with Hypersphere and "execute all instruments or documents requested for the making and prosecution of any applications of any type for patents **or other forms of intellectual property** regarding the invention . . ." By filing for the copyright registration "regarding the invention" himself, Butzer breached this duty and obligation in the Assignment to cooperate with HyperSphere in its efforts to make and prosecute any application of any type for any and all forms of intellectual property. Butzer further breached the Assignment by failing and refusing to assign the Copyright to HyperSphere upon request.

Butzer learned, at some point, from publicly available documents that HyperSphere raised money in 2023. (Doc. 1-5). By including this publicly filed information as an exhibit to his Complaint, Butzer's improper motivations in sending his cease and desist demand and the filing of the Complaint are self-evident. With

this knowledge and despite the clear and unmistakable assignment language assigning HyperSphere the right to make and prosecute intellectual property filings and to assist HyperSphere in litigation regarding the invention or "other form(s) of intellectual property regarding the invention," i.e., the Copyright, Butzer improperly claims to be "entitled to recover any damages," "entitled to an award of statutory damages," "entitled to recover its full costs," and "entitled to compensation" for the alleged Copyright infringement and alleged misrepresentations regarding the Copyright and its ownership. (Doc. 1, ¶¶23, 24, 26, 31).

Butzer's mere filing of this action, with knowledge of the Assignment (which he drafted) and the broad transfer language contained therein, is frivolous. Despite acknowledging the existence of the Assignment, as evidenced by his attaching it to the Complaint, and knowingly and falsely misrepresenting the plain language of the Assignment, Butzer and his counsel have refused to dismiss this action (and assign the Copyright to HyperSphere, as required by the Assignment). Butzer's and his counsel's bringing of this action and refusing to dismiss it has resulted in needless litigation. Rule 11 was put in place to avoid this precise conduct, and the Court should find Butzer and his counsel in violation of this rule.

**C.    The Court should award Defendants their attorneys' fees incurred in defense of this lawsuit.** After determining that Rule 11 has been violated, and after notice and a reasonable opportunity to respond, "a court may sanction attorneys

under Rule 11(b)(3) for factual assertions they know—or after reasonable investigation should have known—are false or wholly unsupported." *Doe*, *2. The Court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Rule 11(c)(1). The sanction imposed may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Rule 11(c)(4).

In determining an appropriate sanction under amended Rule 11, the court should consider the nature of the violation committed, the circumstances in which it was committed, the circumstances (including the financial state) of the individual to be sanctioned, and those sanctioning measures that would suffice to deter that individual from similar violations in the future. The court should also consider the circumstances of the party or parties who may have been adversely affected by the violation. *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 420 (6th Cir. 1992).

Here, the Court should impose an appropriate sanction on Butzer and his counsel in the form of an order directing the payment of the attorneys' fees and expenses that Defendants have incurred in defense of this action. The language of the Assignment, as drafted by Butzer, is plain and clear. Despite it, Butzer and his counsel filed this action (in the wrong venue), improperly named individuals as Defendants for the sole purpose of harassing HyperSphere and interfering with the

operations of its business, and refused to dismiss it.  Consequently, Butzer and his counsel forced Defendants to file this Motion, incurring unnecessary attorneys' fees and expenses.  The Court should order Butzer and his counsel to pay these attorneys' fees and expenses. In addition, because Plaintiff refused to dismiss his Complaint, Defendants have contemporaneously filed a Motion to Dismiss under Fed. R. Civ. P. 12(B)(2) and (6) and for a transfer of venue. The Court should order Butzer and his counsel to pay all of Defendants' attorneys' fees and expenses incurred in bringing these motions.

## Conclusion

For these reasons, Defendants ask the Court to grant their Motion for Sanctions and order Butzer and his counsel to pay the attorneys' fees and expenses that Defendants incurred in bringing this Motion.

Respectfully submitted this 21st day of October, 2025.

s/*Steven M. Kushner*
Steven M. Kushner
Georgia Bar No. 430510
Fellows LaBriola LLP
233 Peachtree Street, N.E.
Suite 2400
Atlanta, Georgia 30306
(404) 586-9200
(skushner@fellab.com)


*Counsel for Defendants*

## <u>CERTIFICATE OF FONT AND POINT SELECTION</u>

Undersigned counsel hereby certifies, under LR 7.1(D), NDGa, that the foregoing was prepared in Times New Roman, 14-point font, which is one of the fonts and point selections approved in LR 5.1, NDGa.

s/*Steven M. Kushner*
Steven M. Kushner

**CERTIFICATE OF SERVICE**

I hereby certify that pursuant to the requirements of Fed. R. Civ. P. 11(c)(2), a true and accurate copy of the attached *Defendants' Memorandum in Support of Motion for Rule 11 Sanctions* was served by email on August 6, 2025, as follows:

| | |
|---|---|
| John M. Skeriotis | Sergey Vernyuk |
| jms@etblaw.com | sv@etblaw.com |

I hereby further certify that pursuant to the requirements of Fed. R. Civ. P. 11(c)(2), a true and accurate copy of the attached *Defendants' Memorandum in Support of Motion for Rule 11 Sanctions* was served by U.S. Mail on the September 8, 2025, addressed as follows:

John M. Skeriotis, Esq.
Sergey Venyuk, Esq.
Emerson, Thomson & Bennett, LLC
1914 Akron-Peninsula Rd.
Akron, OH  44313

I hereby certify that I have this day served a true and accurate copy of the foregoing upon counsel for Plaintiff by U.S. Mail, with sufficient postage thereon to ensure delivery, and addressed as follows:

John M. Skeriotis, Esq.
Sergey Venyuk, Esq.
Emerson, Thomson & Bennett, LLC
1914 Akron-Peninsula Rd.
Akron, OH  44313

This 21st day of October, 2025.

*s/Steven M. Kushner*
Steven M. Kushner