IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DANE C. BUTZER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | 1:25-cv-05736-JPB |
| | ) | |
| HYPERSPHERE TECHNOLOGIES, INC., JAMES DECESARE AND TODD MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.** Plaintiff and Defendants by their attorneys and pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.2, hereby submit their Joint Preliminary Report and Discovery Plan.

**2. Description of Case:**

**(a) Describe briefly the nature of this action.**

This is an action for copyright infringement and unfair competition in violation of the Lanham Act originally filed in the Southern District of Ohio. At the appropriate time, Defendant HyperSphere Technologies, Inc. may pursue counterclaims for Plaintiff's breach of the Assignment Agreement referenced below.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff is the named inventor of U.S. Patent No. 9,634,836 (the "836 Patent"). Plaintiff is an intellectual property attorney and an attorney registered to practice before the United States Patent and Trademark Office. Plaintiff assigned the '836 Patent to Hyperspace Security, Inc. on November 8, 2017, in a document he drafted entitled "Patent Assignment" ( "Patent Assignment"). Hyperspace Security, Inc. changed its name to HyperSphere Technologies, Inc. on January 30, 2019.

Plaintiff registered the copyright to certain software entitled "Software Code for Implementation of U.S. Patent No. 9,634,836" ("Work"), Copyright Registration No. TXu 2-349-503, with the U.S. Copyright Office on December 22, 2022 ("Copyright""). Plaintiff is the listed as the sole author of the Copyright.

The Plaintiff and Defendants dispute the effect of the Patent Assignment and Plaintiff's right to register the copyright to any intellectual property regarding the inventions.

Plaintiff alleges that the Defendants have been and continue to use his software and that such use infringes on his Copyright and constitutes unfair competition. Plaintiff also alleges that Defendants Todd Miller and James DeCesare, individually, have wrongfully claimed ownership of the Copyrighted Work.

Defendants deny all liability to Plaintiff, and Defendant HyperSphere Technologies Inc. alleges that Plaintiff breached the Patent Assignment by registering the Work and bringing this action.

**(c) The legal issues to be tried are as follows:**

(1) Whether Defendants are infringing Plaintiff's Copyright;

(2) Whether Defendants are engaged in unfair competition;

(3) Whether Plaintiff is entitled to damages;

(4) Whether Plaintiff breached the Patent Assignment by registering his Work;

(5) Whether Plaintiff breached the Patent Assignment by filing this action;

(6) Whether Defendants are entitled to damages.

**(d) The cases listed below (include both style and action number) are:**

(1) Pending Related Cases:

None.

(2) Previously Adjudicated Related Cases:

None.

**3. This case is complex because it possesses one or more of the features listed below (please check):**

______ (1) Unusually large number of parties
______ (2) Unusually large number of claims or defenses
______ (3) Factual issues are exceptionally complex

______ (4) Greater than normal volume of evidence
______ (5) Extended discovery period is needed
______ (6) Problems locating or preserving evidence
______ (7) Pending parallel investigations or action by government
______ (8) Multiple use of experts
______ (9) Need for discovery outside of United States Boundaries
______ (10) Existence of highly technical issues and proof
______ (11) Unusually complex discovery of electronically stored information

**4. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:**

John M. Skeriotis
Emerson, Thomson & Bennett, LLC
1914 Akron-Peninsula Road
Akron, Ohio 44313

**Defendants:**

Steven M. Kushner, Esq.
Fellows LaBriola LLP
233 Peachtree St. NE
Suite 2400
Atlanta, Georgia 30303

**5. Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

___________ Yes ______X_____ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**6. Parties to This Action:**

**(a) The following persons are necessary parties who have not been joined:**

None.

**(b) Defendants assert that the following persons are improperly joined as parties:**

Todd Miller

James DeCesare

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted.**

None.

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**7. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amended are contained in LR 15.

**(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:**

None.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should**

**have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7. Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

**(a)** ***Motions to Compel*****:** before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

**(b)** ***Summary Judgment Motions*****:** within forty-five days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

**(c)** ***Other Limited Motions*****:** Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**(d)** ***Motions Objecting to Expert Testimony***. Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your**

**initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).**

Defendants object to the extent that initial disclosures are not appropriate at this time due to the pendency of Defendants' Motion to Dismiss.

**9. Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

No.

**10. Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (1) zero month discovery, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

The parties do not believe much, if any, discovery is necessary in this matter and requests a four-month discovery track.

**Please state below the subjects on which discovery may be needed:**

Plaintiff's claims and damages, prior assignments of patents, registration of copyrights; and Defendant's defenses and counterclaims.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery**

**should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Not applicable.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None.

**(b) Is any party seeking discovery of electronically stored information?**

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (*e.g.*, accessibility, search terms, date limitations, or key witnesses) as follows:

(2) The parties have discussed the format for the production of electronically stored information (*e.g.*, Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (*e.g.* paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows: In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in Paragraph 9 hereof.

The parties believe electronic discovery will be requested, but limited to electronic mail and messages and documents and drafts of documents, and therefore do not believe a scheduling conference is required.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The Parties do not believe that any such orders are necessary at this time.

**13. Settlement Potential:**

**(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on October 30, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

For Plaintiff: s/John M. Skeriotis

Other participants:

For Defendant: s/Steven M. Kushner

Other participants:

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(____) A possibility of settlement before discovery

(____) A possibility of settlement after discovery

(____) A possibility of settlement, but a conference with the judge is needed.

(__X__) No possibility of settlement.

**(c) Counsel (____) do or (__X__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____N/A___________, 202_.**

**(d) The following specific problems have created a hindrance to settlement of this case:**

Defendants' filing of a Rule 11 Motion for Sanctions and the parties' positions related to the Patent Assignment.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this __________ day _________________, of 20__.

(b) The parties (__X__) do not consent to having this case tried before a magistrate judge of this Court.

This 30th day of October, 2025.

*/s/ John M. Skeriotis*
John M. Skeriotis

s/*Steven M. Kushner*
Steven M. Kushner

(Admitted *pro hac vice)*
Emerson, Thomson & Bennett, LLC
1914 Akron-Peninsula Rd.
Akron, Ohio 44313
(330) 434-9999
jms@etblaw.com

*One of the Attorneys for Plaintiff*

Georgia Bar No. 430510
Fellows LaBriola LLP
233 Peachtree Street, N.E.
Suite 2400
Atlanta, Georgia 30306
(404) 586-9200
(skushner@fellab.com)

*Counsel for Defendants*

* * * * * * * * * * * * *

SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

___________________________________________________________________________

___________________________________________________________________________

IT IS SO ORDERED, this ____________ day of ________________, 202_.

________________________________

Honorable J. P. Boulee
UNITED STATES DISTRICT JUDGE