UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANE C. BUTZER,

      Plaintiff,

    v.

HYPERSPHERE TECHNOLOGIES,
INC., et al.

      Defendants.

CIVIL ACTION NO.
1:25-CV-05736-JPB

## **ORDER**

This matter comes before the Court on HyperSphere Technologies, Inc.,

James DeCesare and Todd Miller's (together, "Defendants") Motion to Dismiss or,

in the Alternative, Motion to Transfer Venue [Doc. 8]. Also before the Court is

Defendants' Motion for Rule 11 Sanctions [Doc. 20]. This Court finds as follows:

### **BACKGROUND**

Dane C. Butzer ("Plaintiff") initiated this action on June 18, 2025, in the

United States District Court for the Southern District of Ohio. [Doc. 1]. His

Complaint brings claims of copyright infringement under 17 U.S.C. § 501 and

unfair competition under 15 U.S.C. § 1125(a). Id. at 4–5. On September 8, 2025,

Defendants moved to dismiss, or in the alternative, to transfer venue to this district.

[Doc. 8]. While that motion was pending, the parties filed a separate, joint motion

to transfer venue to this district.  [Doc. 12].  The latter motion was granted, and the case was transferred to this Court.  [Doc. 13].

After the case was transferred, Defendants filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11.  [Doc. 20].  Plaintiff then filed a response to the still-pending motion to dismiss and a response to the sanctions motion.  [Doc. 23]; [Doc. 31].[1]  Both motions are now ripe for review.

## MOTION TO DISMISS

Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim.  [Doc. 8].  "[C]ourts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims," so the Court will consider personal jurisdiction first.  Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 940 (11th Cir. 1997).

### A.    Personal Jurisdiction

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to

---

[1] Plaintiff's responses to both motions were untimely.  Nonetheless, given this circuit's "strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible," the Court will consider the arguments made in Plaintiff's responses.  Perez v. Wells Fargo, N.A., 774 F.3d 1329, 1332 (11th Cir. 2014).

make out a prima facie case of jurisdiction." Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009)). "The court construes the allegations in the complaint as true to the extent that they are uncontroverted by defendant's evidence." Paul, Hastings, Janofsky & Walker, LLP v. City of Tulsa, 245 F. Supp. 2d 1248, 1253 (N.D. Ga. 2002). If the defendant challenges the plaintiff's allegations of jurisdiction and supports the challenge with affidavit evidence, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction. Diamond Crystal, 593 F.3d at 1257. "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." Id. (quoting Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002)).

The motion to dismiss was filed while this case remained pending in the Southern District of Ohio. Thus, the arguments therein are premised on a lack of personal jurisdiction in Ohio.[2] Those arguments are now irrelevant as to Defendants HyperSphere and DeCesare because, as the motion to dismiss and the

---

[2] Defendants did not seek to amend their motion after the case was transferred to this Court, nor did they address personal jurisdiction in their post-transfer reply brief. [Doc. 30].

complaint agree, both these Defendants are at home in Georgia.  [Doc. 1, pp. 1–2]; [Doc. 8, pp. 5–6].  With venue now in this Court, general jurisdiction exists as to these defendants, and the motion to dismiss for lack of personal jurisdiction is therefore **DENIED** as to them.  See Daimler AG v. Bauman, 571 U.S. 117, 137 (2014) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home. With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." (citation modified)).

As to Defendant Miller, however, Plaintiff's complaint still does not establish a prima facie case of personal jurisdiction.  The complaint alleges that Defendant Miller resides in California.  [Doc. 1, p. 2].  And it does not include any allegations that Defendant Miller has any contacts with Georgia—let alone contacts sufficient to establish personal jurisdiction under Georgia's long-arm statute and the Due Process Clause of the Constitution.

Because the complaint fails to establish a prima facie case of personal jurisdiction over Defendant Miller, the Motion to Dismiss based on lack of personal jurisdiction is **GRANTED** as to him.

**B.    Failure to State a Claim**

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." Traylor v. P'ship Title Co., LLC, 491 F. App'x 988, 989 (11th Cir. 2012).  Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although detailed factual allegations are not necessarily required, the pleading must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A complaint is insufficient if it only tenders naked assertions devoid of further factual enhancement.  Id.  Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (citation omitted).  At bottom, the complaint must contain more than "an unadorned, the defendant-unlawfully-harmed-me accusation," and must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  While all well-pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff, a

5

court need not accept as true the plaintiff's legal conclusions, including those couched as factual allegations. Id.

Here, the the complaint alleges that Plaintiff is the named inventor for U.S. Patent No. 9,634,836 B1. [Doc. 1, p. 2]. It also alleges that Plaintiff assigned the patent to Defendant HyperSphere in 2017, and that—in 2022—Plaintiff obtained a copyright registration for a work called "Software Code for Implementation of U.S. Patent No. 9,634,836 B1." Id. at 2–3. The complaint then alleges that Defendants DeCesare and Miller "held themselves out as the owners of the" copyrighted work and "engaged in the unauthorized copying and use" of Plaintiff's copyrighted work. Id. at 3. It also alleges that Defendants are "continuing to use . . . [the copyrighted work] for commercial gain." Id.

The complaint contains no further allegations explaining when or how the Defendants used the copyrighted work or held themselves out as its owners. Instead, these allegations are precisely the kind of "unadorned, the defendant-unlawfully-harmed-me accusation" that is insufficient to state a claim under Rule 8. Iqbal, 556 U.S. at 678. Simply put, the complaint is devoid of any facts that would plausibly establish any entitlement to relief. For these reasons, the Motion to Dismiss for failure to state a claim is **GRANTED** as to Defendants HyperSphere and DeCesare.

## MOTION FOR SANCTIONS

The purpose of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir. 2001) (per curiam) (citation modified); see also Noe v. Interstate Brands Corp., 188 F.R.D. 513, 515 (S.D. Ind. 1999) ("Rule 11's primary objective is to give a litigant pause to stop, think, and investigate more carefully before filing papers, thereby streamlining the administration and procedure of the federal courts." (citation modified)).  "An attorney or a party may be sanctioned under Rule 11 for filing a pleading that:  (1) has no reasonable legal basis; (2) has no reasonable factual basis; or, (3) is filed for an improper purpose." Thomas v. Evans, 880 F.2d 1235, 1239 (11th Cir. 1989).

When confronted with a Rule 11 motion for sanctions, the district court must "first determine[ ] whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous[.]" Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996).

Aside from the sparse allegations in Plaintiff's complaint, there is little evidence in the record.  The parties have provided the assignment agreement and Plaintiff's copyright registration. [Doc. 1-2]; [Doc. 1-4].  Importantly, however,

7

none of this evidence establishes what the patented invention is, nor how the copyrighted code "implements" that invention.  The parties do not make arguments about the nature of the protected works either.

Instead, Defendants assert that the assignment agreement simply transferred all intellectual property rights related to the patented invention.  [Doc. 20-1].  They also point to duties Plaintiff has under the agreement such as "cooperat[ing] with [HyperSphere] and execut[ing] all instruments or documents requested for the making and prosecution of any applications . . . [for] other forms of intellectual property regarding the invention."  Id. at 5.  They say that, because the copyrighted work is related to the patented invention, Plaintiff's copyright registration was "surreptitious[ ]" and he consequently knew that the claims he brought in this case were frivolous.  Id. at 6.  Plaintiff responds that he created the copyrighted work years after the patent assignment was executed and that the scope of the assignment agreement is limited to the patent alone.  [Doc. 31].

After consideration, the Court finds that sanctions are not warranted here. The terms of the assignment agreement do require Plaintiff to assist HyperSphere in certain ways regarding the patent.  And some of those duties extend to other forms of intellectual property related to the patented invention.  But the agreement's terms do not prohibit Plaintiff from creating any future intellectual

property, nor do they necessarily prohibit Plaintiff from creating works that might be related to the patented invention in some way. Put another way—on this record—it is at least conceivable that the copyrighted work, while related to the patented invention, is a distinct work that is not covered by the terms of the patent assignment agreement.[3] Because this argument is at least colorable, the Court finds that Rule 11 sanctions are inappropriate here. Thus, the motion for sanctions is **DENIED**.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [Doc. 8] is **GRANTED**. Plaintiff's claims against Defendant Miller are hereby **DISMISSED** for lack of personal jurisdiction. The claims against Defendants HyperSphere and DeCesare are hereby **DISMISSED** for failure to state a claim. Defendants' Motion for Sanctions [Doc. 20] is **DENIED**. The Clerk is **DIRECTED** to close the case.

---

[3] Defendants' true disagreement with Plaintiff might be that the copyright is simply invalid because the copyrighted work is part of the patented invention that was assigned to them. There is no evidence before the Court on this point, however, so the Court expresses no view on this issue.

9

**SO ORDERED** this 17th day of April, 2026.

_____
J. P. BOULEE
United States District Judge